MILL FACTORS CORPORATION, Plaintiff, *v.* SAMUEL A. HANDMAN, Defendant.

Supreme Court, New York County, October 10, 1931.

*Sperry & Yankauer* [*Walter D. Yankauer* of counsel], for the plaintiff.

*Harry J. Moskowitz*, for the defendant.

McGEEHAN, J. This is an action upon contract. Issue has been joined. On June 12, 1931, the plaintiff served a notice of trial for the October, 1931, term. It did not, pursuant to section 426, subdivision 5, of the Civil Practice Act, demand a jury. On August 8, 1931, the defendant served a notice of trial for the same term, and with it a jury demand. The plaintiff has returned such demand. The clerk accepted the plaintiff's note of issue and the required fee to place the cause on the calendar. He also accepted the defendant's demand for a jury trial and the fee therefor. He has placed the case on the jury calendar.

The plaintiff moves to strike the cause from that calendar and to place it on the non-jury calendar. Its contention is that. the defendant has waived his right of trial by jury by failing to serve the demand therefor within twenty days after service upon him of the plaintiff's notice of trial. The defendant asserts that under

the statute he could either serve such demand within the twenty days or thereafter serve it with his own notice of trial.

The plaintiff argues that if a defendant desires a trial by jury he must either be the first party to serve a notice of trial and with it serve a jury demand, or serve the demand within twenty days after the service upon him of the plaintiff's notice of trial.

The statute is not so worded. It provides that " If the plaintiff fails so to serve and file such notice demanding a jury trial and a note of issue be thereafter filed, the action shall be placed on the calendar for the trial of actions at law without a jury, *unless* a jury trial be demanded by another party to the action, *as hereinafter provided.* Any other party to the action *may*, within twenty days after the service of notice of trial upon him, *or with his own notice of trial*, serve upon the attorneys for all other parties to the action a notice demanding a jury trial and file a copy of such latter notice with the county clerk within ten days after service thereof." (Italics mine.)

The order of its provisions appears to be that if, as here, the plaintiff fails to serve and file a notice demanding a jury trial, any other party to the action may, (1) within twenty days after service of notice of trial upon him, or (2) with his own notice of trial, serve such demand. The defendant elected to follow the latter course and did so two months before the beginning of the term for which the plaintiff had noticed the cause for trial. It seems to me that the defendant complied with the statute and the clerk properly placed the cause on the jury calendar.

To hold on the undisputed facts of this case that, by failing to serve the jury demand within twenty days after the service of the plaintiff's notice of trial, the defendant waived a jury would be placing an unfair construction upon the statute. If there is any doubt arising upon the construction thereof it should be resolved in favor of the party asserting his constitutional right to trial by jury. While that right may be waived, in any of the modes specified in section 426, no waiver was intended here. In none of the authorities referred to by the plaintiff was the demand for a jury served with the notice of trial. They appear inapplicable. So far as can be ascertained there is no reported case that involved the precise question raised hereon.

The most recent decision of the Appellate Division in this department appears to be *Meyer* v. *Furman* (233 App. Div. 709), which affirmed, without opinion, an order denying the plaintiffs' motion to strike the cause from the jury calendar where the defendants served a cross notice of trial and thereafter, within twenty days of the service of the plaintiffs' notice of trial, served a jury

demand. In that case the defendants were held not to have waived a jury. Here the defendant proceeded as literally directed by the statute.

The motion is denied. The plaintiff is directed to accept service of the defendant's notice demanding a jury trial. Short form order signed.